UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

IVAR VOITS,

            Plaintiff,

    v.

Mss. KATE BROWN; SHEMIA FAGAN;
COLETTE S. PETERS; MICHELLE
MOONEY; Messrs. ROB PERSSON;
JAMIE MILLER; JASON BELL;
MICHAEL YODER; MARK NOOTH; Mss.
KELCIE MAIN (a.k.a. KELCIE WILEY);
CHRISTINE SCHUPE; ROSE MARY
RAMIREZ,

            Defendants.

_____

Case No. 2:22-cv-01365-MC

ORDER TO AMEND

MCSHANE, District Judge.

       Plaintiff, an inmate in the custody of the Oregon Department of Corrections (ODOC),

files this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his rights under

the First, Fourth, Eighth, and Fourteenth Amendments. Plaintiff's allegations fail to state a viable

claim under § 1983, and he must file an Amended Complaint for this action to proceed.

1   - ORDER TO AMEND

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

To bring a civil rights action under § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Plaintiff alleges that defendants violated his constitutional rights by opening his "legal mail" and delaying its delivery to him. Specifically, plaintiff alleges that prison officials opened legal documents mailed to the United States Supreme Court and correspondence from the Court when it returned plaintiff's documents for revisions. Plaintiff further alleges that officials delayed the delivery of the Supreme Court's correspondence and his returned legal documents for two months.

Plaintiff cannot state a claim under § 1983 arising from the alleged opening of mail addressed to and received from the Supreme Court. Although "prisoners have a protected First Amendment interest in having properly marked legal mail opened only in their presence," the

"legal mail" entitled to constitutional protection is limited to correspondence between prisoners and their attorneys, in recognition of the attorney-client privilege. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017); *Nordstrom v. Ryan*, 762 F.3d 903, 909-11 (9th Cir. 2014). In other words, for constitutional purposes, "legal mail" includes properly marked mail from an inmate's lawyer and does not include mail from the courts. *Hayes*, 849 F.3d at 1211 (citing *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996)). Plaintiff's mail consisted of correspondence between him and the Supreme Court, and it does not qualify as legal mail to sustain a claim under § 1983.

Plaintiff also alleges that mail officials retained his mail from the Supreme Court for two months before delivering it to him, and that restrictions on law library access delayed his revised filing with the Court. Construed liberally, these allegations arguably implicate a claim alleging the denial of access to the courts in violation of the First Amendment. However, plaintiff's allegations remain deficient to sustain such a claim.

In order to state a denial of access claim, a plaintiff must allege facts giving rise to a reasonable inference that he suffered an actual injury to contemplated or existing litigation. *Lewis v. Casey,* 518 U.S. 343, 351-53 (1996); *Nevada Dep't of Corr. v. Greene,* 648 F.3d 1014, 1018 (9th Cir. 2011). "Actual injury [means] actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Hathaway v. Cote,* 622 Fed. App'x 701, 702 (9th Cir. 2015) (internal quotations omitted). "[T]he underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant," and "be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Christopher v. Harbury,* 536 U.S. 403, 416 (2002); *see also Rogers v. Giurbino,* 625 Fed.

App'x 779, 782 (9th Cir. 2015) (affirming dismissal of access to the courts claim because the plaintiff failed to include facts about the underlying "lost" cause of action). Plaintiff does not allege such facts, and the exhibits he submitted with his Complaint do not suggest that he suffered actual injury to a non-frivolous legal claim. *See* Pl.'s Ex. 4 (explaining that the documents mailed to the Supreme Court were being returned to plaintiff because they were "out of time") (ECF No. 4 at 7-8).

Finally, plaintiff does not allege personal involvement by any of the named defendants in the delayed delivery of his mail or his restricted access to the law library. Plaintiff is advised that liability under § 1983 arises upon a showing of personal participation by each defendant, and plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

At this stage of the proceedings, I cannot find that amendment would be futile and plaintiff is allowed the opportunity to amend his allegations.

<u>CONCLUSION</u>

Plaintiff's claims are DISMISSED for failure to state a claim. Within thirty days from the date of this Order, plaintiff shall file an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in dismissal of this proceeding, with prejudice.

IT IS SO ORDERED.

DATED this 28th day of October, 2022.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge

4    - ORDER TO AMEND